IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF CENTRAL LABORERS'**
**PENSION, WELFARE & ANNUITY FUNDS,**

    **Plaintiffs,**

v.                                                 No. 11-cv-157-DRH-PMF

**SOUTHERN CONTRACTING, INC.,**
**an Illinois corporation,**

    **Defendant.**

## ORDER AND DEFAULT JUDGMENT

**HERNDON, Chief Judge:**

Pending before the Court is plaintiffs' Trustees of Central Laborers' Pension, Welfare & Annuity Funds' amended motion for default judgment as to damages (Doc. 25). Plaintiffs' motion seeks $51,234.07 in damages, $400.00 in court costs, and $1,601.50 in attorney's fees.[1] Thus, plaintiffs request an Order and Judgment of this Court awarding them $53,235.57. For the following reasons, the Court **GRANTS** plaintiffs' motion.

Preliminarily, the docket reflects plaintiffs filed their complaint on March 1, 2011 (Doc. 2). Defendant was served on March 14, 2011 (Doc. 4). Defendant did not file a responsive pleading. Thus, on May 5, 2011, plaintiffs successfully

---

[1] The Court notes plaintiffs' motion list the requested amount of attorney's fees as $400.00 and its requested court costs as $1,601.50. However, in reliance on the affidavits of Randy Patchett (*See* Docs. 19-2 & 25-2), the Court presumes plaintiffs in fact seek an award of $400.00 in court costs and $1,601.50 in attorney's fees.

motioned for an entry of default against defendant (Doc. 6). However, after entering an appearance on May 16, 2011 (Doc. 9), defendant motioned to set aside the entry of default, stating plaintiffs had advised defendant not to file a responsive pleading in light of an imminent settlement (Doc. 10). As plaintiffs did not oppose defendant's motion (Doc. 11), the Court set aside the entry of default on May 18, 2011 (Doc. 12).

Defendant's entry of appearance and motion to set aside its first entry of default represent the totality of its participation in this action. Thus, on August 26, 2011, the clerk entered a second entry of default. Accordingly, on January 4, 2012, plaintiffs filed a motion for default judgment against defendant (Doc. 19). Defendant did not respond to plaintiffs' motion. Thus, on January 19, 2012, the Court ordered defendant to show cause by January 26, 2012, why the Court should not enter a default judgment against it (Doc. 20). As defendant did not respond to the Court's directive, the Court granted plaintiffs' motion for default judgment in part on February 2, 2012 (Doc. 21). The Court granted plaintiffs' motion as to liability. However, it denied plaintiffs' request for damages, as plaintiffs did not adequately demonstrate their method of calculating the amount of delinquent contributions and liquidations requested, nor did they direct the Court to the pertinent agreement provisions.

Thereafter, defendant's attorney of record motioned to withdraw as defendant's counsel (Doc. 22). The Court granted counsel's motion, noting as defendant is a corporation, it required retention of new counsel within 21 days of

the Court's Order (Doc. 23). As defendant did not retain new counsel within 21 days, the Court entered an Order stating that if defendant did not retain new counsel by March 16, 2012, it would be unable to defend or comment upon plaintiffs' request for damages (Doc. 24). As defendant did not retain new counsel by March 16, 2012, plaintiffs filed the instant motion on April 11, 2012, seeking an award of damages (Doc. 25).

Count I of plaintiffs' complaint cites Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, as informing the subject matter jurisdiction of its cause of action (*See* Doc. 2) (citing 29 U.S.C. §§ 1132, 1145). Plaintiffs state they are funds "administered pursuant to the terms and provisions of the Declarations of Trust," requiring administration and maintenance "in accordance with the Labor Management Relations Act of 1947, and other applicable state and federal laws." Plaintiffs allege defendant is "an employer engaged in an industry affecting commerce."

Plaintiffs state defendant agreed to provide participation in the funds to "obtain health and welfare benefits for the employees represented by locals affiliated with the [f]unds." Plaintiffs further state defendant is obligated to submit contributions to plaintiff pursuant to the terms of agreements attached to its complaint (Docs. 2-1, 2-2, 2-3, 2-4, & 2-5). As defendant has failed to "pay fringe benefits as required by exhibits attached to [plaintiffs'] [c]omplaint and by the terms of said agreements," and "failed to submit timely and accurate contributions thereunder," plaintiffs state defendant has breached its obligations,

despite plaintiffs' request for performance. Thus, plaintiffs' complaint states defendant is indebted to it in the amounts of $46,399.14, representing delinquent contributions, and $4,834.93, representing liquidated damages. Therefore, Count I of plaintiffs' complaint prays the Court enter judgment in its favor totaling $51,234.07 (Doc. 2, pp. 2-3).

Count II of plaintiffs' complaint, in reliance on the same ERISA provisions and agreements as Count I, alleges defendant failed to allow plaintiffs' representatives to "conduct an audit of the payroll books and records as required by the terms of the aforementioned [a]greements." Plaintiffs further allege they have requested that defendant perform its obligations, but defendant has refused. Additionally, plaintiffs allege defendant is liable for their reasonable attorney's fees and court costs incurred, pursuant to the parties' agreements (Doc. 2, pp. 4-5).

Accordingly, plaintiffs' instant amended motion for entry of default judgment as to damages requests the Court enter judgment in their favor for $53,235.57, representing $51,234.07 owed plaintiffs due to delinquent contributions and liquidated damages, $400.00 in court costs, and $1,601.50 in attorney's fees (Doc. 25).

FEDERAL RULE OF CIVIL PROCEDURE 55 authorizes a party to seek a default judgment. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. FED. R. CIV. P. 55(a). The decision to grant or deny default judgment lies within the district

court's discretion. *Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005). "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-pleaded. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.* 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). Plaintiff must then establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). As stated previously, the Court has determined defendant's liability. Thus, the only issue remaining is the proper amount to award plaintiffs.

As to the proper amount, a party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" demanded in the pleadings. FED. R. CIV. P. 54(c). Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. *In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id*. The Court may base its determination either upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.

The Clerk has issued an entry of default against defendant (Doc. 14), and plaintiffs have filed the proper notices of default pursuant to LOCAL RULE 55.1(a) &

(b) (*See* Docs. 15 & 19). As stated previously, plaintiffs' original motion did not adequately demonstrate their entitlement to the amount of damages sought (Doc. 21). However, plaintiffs' amended motion adequately demonstrates the bases of calculation as to the requested amounts.

Initially, the Court notes plaintiffs properly seek an amount in delinquent contributions and liquidated damages equal to that sought in their complaint; $51, 234.07. Further, in contrast to the original affidavit of Roger Shoup, the director of the Employer Contributions of Central Laborers' Pension, Welfare & Annuity Funds (Doc. 19-1), Shoup's instant affidavit gives a detailed account of the method used in calculating the amount of delinquent contributions and liquidated damages sought (Doc. 25-1). Additionally, Shoup references pertinent sections of the relevant agreements demonstrating the correct method of calculation. Shoup also attaches a summary sheet of the exact figures used in determining the requested amount (Doc. 25-1, pp. 4-5). This summary sheet demonstrates plaintiffs seek contributions and liquidated damages solely as to time periods under the agreement (*See* Doc. 19-8, p. 5) (pertinent agreement demonstrating signature date as April 14, 2010). Finally, as to the amount of attorney's fees and costs requested, plaintiffs attach an affidavit of attorney Randy Patchett stating plaintiffs have expended $400.00 in court costs and $1,601.50 in attorney's fees, at the rate of $90.00 an hour (Doc. 25-2). Thus, as plaintiffs have provided copies of the relevant agreement bearing defendant's representative's signature (Doc. 19-8, p. 5), a copy of the breakdown of the amounts due and

owing (Doc. 25-1), and an affidavit demonstrating the appropriate amount of attorney's fees and costs owed pursuant to the agreement (Doc. 25-2), the Court is satisfied to a reasonable certainty that the amounts sought are correct. Therefore, **IT IS ORDERED AND ADJUDGED** that plaintiffs' amended motion for entry of default as to damages is **GRANTED** (Doc. 25). Accordingly, judgment is entered in favor of plaintiffs, Trustees of Central Laborers' Pension, Welfare & Annuity Funds', and against defendant, Southern Contracting, Inc., in the amount of $51,234.07 in damages, $400.00 in costs, and $1,601.50 in attorney's fees, for judgment in the amount of **$53,235.57.**

**IT IS SO ORDERED.**

Signed this 12th day of April, 2012.

David R. Herndon
2012.04.12
15:50:48 -05'00'

**Chief Judge**
**United States District Court**